UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| RAFAEL R. TORRES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:17-cv-01522-TWP-DML |
| | ) |
| BRIAN KNIGHT, C.A. PENFOLD, | ) |
| PAUL PRULHIERE, ROACH LT., | ) |
| | ) |
| Defendants. | ) |

**Entry Granting *In Forma Pauperis* Status,
Screening Complaint, Dismissing Defendant, and
Directing Service of Process**

**I.  *In Forma Pauperis* Status**

Plaintiff's motion for leave to proceed *in forma pauperis*, dkt. [5], is **granted**. He is assessed an initial partial filing fee of twenty-three dollars and seventy-seven cents ($23.77), which shall be paid to the clerk of the district court no later than **June 26, 2017**. Notwithstanding this ruling, plaintiff remains liable for the entire filing fee. "All [28 U.S.C.] § 1915 has ever done is excuse *pre*-payment of the docket fees; a litigant remains liable for them, and for other costs, although poverty may make collection impossible." *Abdul-Wadood v. Nathan,* 91 F.3d 1023, 1025 (7th Cir. 1996).

**II.  Screening of the Complaint**

A.  Legal Standard

The complaint is subject to the screening requirements of 28 U.S.C. § 1915A. This statute directs that the court shall dismiss a complaint or any claim within a complaint which "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.* To satisfy the notice-

pleading standard of Rule 8 of the Federal Rules of Civil Procedure, a complaint must provide a "short and plain statement of the claim showing that the pleader is entitled to relief," which is sufficient to provide the defendant with "fair notice" of the claim and its basis. *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) and quoting Fed. R. Civ. P. 8(a)(2)); *see also Wade v. Hopper,* 993 F.2d 1246, 1249 (7th Cir. 1993) (noting that the main purpose of Rule 8 is rooted in fair notice: a complaint "must be presented with intelligibility sufficient for a court or opposing party to understand whether a valid claim is alleged and if so what it is.") (quotation omitted)). The complaint "must actually suggest that the plaintiff has a right to relief, by providing allegations that raise a right to relief above the speculative level." *Windy City Metal Fabricators & Supply, Inc. v. CIT Tech. Fin. Servs.*, 536 F.3d 663, 668 (7th Cir. 2008) (quoting *Tamayo v. Blagojevich*, 526 F.3d 1074, 1084 (7th Cir. 2008)). The Court construes pro se pleadings liberally, and holds pro se pleadings to less stringent standards than formal pleadings drafted by lawyers. *Obriecht v. Raemisch*, 517 F.3d 489, 491 n.2 (7th Cir. 2008).

  B. Plaintiff's Complaint

Plaintiff, an Indiana inmate, asserts that while incarcerated in the Plainfield Correctional Facility he told defendants that his life would be in danger if he was housed with inmates of a certain housing unit. He contends that he was unfairly labelled as a "snitch" by the defendants, and that when he was moved against his will to the other housing unit, he was seriously assaulted by other inmates. Liberally construed, the complaint pleads facts asserting that defendants C.A. Penfold, Paul Prulhiere, and Lt. Roach were informed of the imminent danger to plaintiff, yet forced his move regardless, and failed to protect plaintiff. Plaintiff suffered injuries and continues to experience headaches as a result of the assault.

To state an Eighth Amendment failure-to-protect claim, plaintiff must allege facts from which a court could conclude that he faced a substantial risk of serious harm, and that the defendants knew of and disregarded that risk. *Farmer v. Brennan*, 511 U.S. 825, 834, 837 (1994); *Santiago v. Walls*, 599 F.3d 749, 756 (7th Cir. 2010). A tangible threat to safety or well-being must be plead. *Grieveson v. Anderson*, 538 F.3d 763, 777 (7th Cir. 2008); *Billman v. Indiana Dep't of Corrections*, 56 F.3d 785, 788 (7th Cir. 1995) (noting distinction between actual and feared exposure). A substantial risk of serious harm is one in which the risk is "so great" that it is "almost certain to materialize if nothing is done." *Brown v. Budz*, 398 F.3d 904, 911 (7th Cir. 2005).

This action shall proceed as plead against C.A. Penfold, Paul Prulhiere, and Lt. Roach. The complaint also names Brian Knight, the Superintendent of the prison, and alleges that Superintendent Knight's "administration was put on notice" of the danger to plaintiff. No other personal involvement is plead. Because liability under 42 U.S.C. § 1983 cannot be vicariously based or asserted under a *respondeat superior* theory, the complaint fails to state a claim upon which relief can be granted as to Superintendent Knight. *See Burks v. Raemisch,* 555 F.3d 592, 593-94 (7th Cir. 2009) ("Section 1983 does not establish a system of vicarious responsibility. Liability depends on each defendant's knowledge and actions, not on the knowledge or actions of persons they supervise.) The claims against the Superintendent are **dismissed**. 28 U.S.C. § 1915A.

### III. Summary

Plaintiff's Eighth Amendment failure-to-protect claim shall proceed against defendants C.A. Penfold, Paul Prulhiere, and Lt. Roach. The claims against Superintendent Brian Knight are dismissed. The **clerk is directed** to terminate Superintendent Brian Knight as a defendant in this action. This is the only viable claim the Court is able to discern from the complaint. If plaintiff

believes the Court has overlooked claims or defendants, he shall have through **June 27, 2017**, in which to inform the Court of the omitted claims and/or defendants.

### IV. Service of Process

The clerk is designated pursuant to *Fed. R. Civ. P.* 4(c)(3) to issue process to defendants (1) C.A. Penfold, (2) Paul Prulhiere, and (3) Lt. Roach in the manner specified by Rule 4(d). Process shall consist of the complaint (dkt. 1), applicable forms (Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of Service of Summons), and this Entry.

**IT IS SO ORDERED**.

Date: 5/30/2017

*signature*

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Rafael R. Torres
144059
Miami Correctional Facility
Inmate Mail/Parcels
3038 West 850 South
Bunker Hill, IN 46914

By Electronic Service:

C.A. Penfold, Pendleton Correctional Facility
Paul Prulhiere, Pendleton Correctional Facility
Lt. Roach, Pendleton Correctional Facility
Indiana Department of Correction